IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANDREW DEBOLT,**

      **Petitioner,**

**v.**　　　　　　　　　　　　　　  **CIVIL ACTION No. 1:20CV149**
　　　　　　　　　　　　　　    **CRIMINAL ACTION No. 1:16CR21**
　　　　　　　　　　　　　　　　　　  **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION TO VACATE**

On August 3, 2020, the petitioner, Andrew DeBolt ("DeBolt"), filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Dkt. No. 1).[1] For the following reasons, the Court **DENIES** the motion.

**I. FACTUAL BACKGROUND**

On April 5, 2016, a grand jury sitting in the Northern District of West Virginia indicted DeBolt on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Case No. 1:16CR21, Dkt. No. 1). Pursuant to a binding plea agreement, DeBolt pleaded guilty to this charge on August 12, 2016. (Id., Dkt. No. 41). The Court accepted DeBolt's guilty plea and, on December 5, 2016, sentenced him to 30 months of incarceration with credit for time served from August 1, 2016, followed by three years of supervised release (Id., Dkt. Nos. 43,

---

[1] All docket numbers, unless otherwise noted, refer to Civil Action No. 1:20CV149.

**DEBOLT V. USA**                                                1:20CV149
                                                                 1:16CR21

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION TO VACATE**

47). One of the mandatory conditions of DeBolt's supervision prohibited him from committing another federal, state, or local crime (Id., Dkt. No. 47). Pursuant to the terms of his plea agreement, DeBolt did not appeal his conviction or sentence.

DeBolt was released to supervision on October 3, 2018 (Id., Dkt. No. 51). Thereafter, on December 7, 2018, October 29, 2019, and November 21, 2019, the United States Probation Officer filed non-compliance summary reports regarding DeBolt's conduct on supervised release. These reports documented DeBolt's abuse of his suboxone medication, unlawful possession of marijuana, and unlawful possession and use of methamphetamine and marijuana (Id., Dkt. Nos. 51, 53, 55).

On December 18, 2019, the Court granted a petition for a warrant or summons ("12C Petition") based on DeBolt's failure to 1) report for a drug test, 2) permit a home contact, 3) follow the probation officer's instructions, and 4) report to the probation officer as instructed (Id., Dkt. No. 57). The probation officer filed an amended 12C Petition on January 6, 2020, after three warrants were issued for DeBolt in the Circuit Court of Harrison County, West Virginia for Reckless Fleeing, Burglary, Kidnapping, and Fleeing on Foot (Id., Dkt. No. 71). These new criminal charges constituted a Grade A violation of DeBolt's conditions of

**DEBOLT V. USA**  1:20CV149
  1:16CR21

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION TO VACATE**

supervised release. Id. at 16.

Following a final revocation hearing on February 13, 2020, the Court revoked DeBolt's supervised release (Id., Dkt. No. 79). During the hearing, DeBolt admitted to violating the conditions of his supervision based on the new allegations of criminal conduct filed in state court (Id., Dkt. No. 92 at 8:18-25, 9:1-13). He further admitted to failing to report to his probation officer and failing to follow instructions. Id. at 9:15-20.

In its colloquy with DeBolt, the Court informed him that the State of West Virginia had the discretion to prosecute him based on his new criminal conduct. Id. at 13:14-16. It also advised him that, for his supervised release violations, his maximum statutory exposure was twenty-four months of incarceration, although his advisory guideline range for revocation was 33 to 41 months[2] of incarceration. Id. at 7:15-22. Ultimately, DeBolt received a sentence of imprisonment of twenty-four months with credit for time served since December 31, 2019, with no supervision to follow (Id., Dkt. No. 79). DeBolt did not appeal his revocation sentence.

## II. PROCEDURAL HISTORY

On August 3, 2020, DeBolt moved to vacate his sentence under

---

[2] DeBolt is a criminal history category VI (Case No. 1:16CR21, Dkt. No. 71 at 16).

**DEBOLT V. USA**                                                                                   1:20CV149
                                                                                                               1:16CR21

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION TO VACATE**

28 U.S.C. § 2255, contending that, because his state court charges had been dropped on May 1, 2020, he should have received a sentence of only 14 months of incarceration based on the fact that his positive drug test was a Grade C violation (Dkt. No. 1 at 4). On the same day, the Clerk notified DeBolt that his pleading was deficient and provided him with a court-approved form for filing a § 2255 petition (Dkt. No. 2). DeBolt received this notice on August 7, 2020, and timely filed his motion on the court-approved form on August 14, 2020 (Dkt. No. 4).

On October 8, 2020, DeBolt moved the Court to "follow the Rules of Fed. R. Civ. P. 18 U.S.C. § 2243.[3]" (Dkt. No. 6). On the same day, he notified the Court that he was incarcerated at the U.S. Penitentiary Terre Haute (Dkt. No. 7). On November 23, 2020, the Clerk received a letter from DeBolt requesting an update on the status of his "2255/2243 petitions" (Dkt. No. 8).

---

[3] This statute pertains to sex offenses against a minor. To the extent DeBolt seeks to compel the Court to award him a writ of habeas corpus, DeBolt is not entitled to a writ and, thus, no order to show cause or writ will issue. See 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the application or person detained is not entitled thereto.").

**DEBOLT V. USA**                                                                    **1:20CV149**
                                                                                                               **1:16CR21**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION TO VACATE**

### III. APPLICABLE LAW

Title 28 § 2255(a) permits federal prisoners who are in custody to assert the right to be released if "the sentence was imposed in violation of the Constitution or laws of the United States . . . was in excess of the maximum authorized by law; or . . . is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

### IV. DISCUSSION

Pursuant to 18 U.S.C. § 3583(e)(3), a district court may revoke a defendant's supervised release "if it finds by a preponderance of the evidence the person violated a condition of supervised release." United States v. Thompson, 297 Fed. Appx. 211 at *1 (4th Cir. Oct. 21, 2008). "Because the standard of proof is less than that required for a new criminal conviction, the district court may find that the defendant has violated a condition of his supervised release based on its own findings of new criminal conduct, even if the defendant is acquitted on criminal charges arising from the same conduct, or if the charges against him are dropped." Id. (citing United States v. Stephenson, 928 F.2d 728,

**DEBOLT V. USA**                                                             1:20CV149
                                                                                                                                            1:16CR21

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION TO VACATE**

731 (6th Cir. 1991)). Indeed, the Sentencing Guidelines do not require that the defendant be convicted of a new violation of law in order to be found to have violated the terms of supervised release. See U.S.S.G. § 7B1.1, cmt. n. 1 ("A violation of this condition may be charged whether or not the defendant has been the subject of a separate federal, state, or local prosecution for such conduct.").

After consulting with his attorney at the revocation hearing, DeBolt admitted that the evidence preponderated that he had violated the conditions of his supervision based on the criminal allegations filed against him in the State of West Virginia (Case No. 1:16cr21, Dkt. No. 92 at 8:23-25, 9:1-2). Accordingly, even though the State of West Virginia later dropped the charges that formed the predicate conduct for DeBolt's revocation, the basis for his sentence still stands. Any argument that DeBolt should be resentenced without consideration of his violations of state law is without merit, and the Court therefore **DENIES** his § 2255 motion (Dkt. No. 1).

## V. CONCLUSION

For the reasons discussed, the Court **DISMISSES** this case **WITH PREJUDICE** and **DENIES AS MOOT** DeBolt's request for relief under 28

**DEBOLT V. USA**                                                                                   1:20CV149
                                                                                                                                   1:16CR21

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION TO VACATE**

U.S.C. § 2243 (Dkt. No. 6).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to enter a separate judgment order in favor of the United States, to transmit copies of both orders to DeBolt by certified mail, return receipt requested, and to counsel of record by electronic means, and to strike this case from the Court's active docket.

### V. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because DeBolt has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is

**DEBOLT V. USA**                                                                                            **1:20CV149**
                                                                                                                **1:16CR21**

## **MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION TO VACATE**

debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that DeBolt has failed to make the requisite showing and, therefore, **DENIES** issuing a certificate of appealability.

DATED: December 3, 2020.

                                                                <u>/s/ Irene M. Keeley</u>
                                                                 IRENE M. KEELEY
                                                                 UNITED STATES DISTRICT JUDGE